# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSIE MOORE | * |
|     PLAINTIFF | * |
| vs. | * Civil Action No._____ |
| | * |
| | * |
| HOWARD UNIVERSITY, | * |
| LT. ALLEN LACEY, DEPUTY CHIEF | * |
| EUGENE BENTLEY, | * |
| DEPUTY CHIEF LORRAINE KITTRELL | * |
| | * |
|     DEFENDANTS | * |

_____

## COMPLAINT

## INTRODUCTION

1. The Plaintiff, by his attorney, Christopher M. FitzPatrick, Esquire, bring this action pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C Section 2000 -e and 42 U.S.C. 1981 a. In addition, the Plaintiff brings this action for Wrongful Discharge based on violations of public policy committed by the Defendants.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000- e. The court has Personal Jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 Diversity of Citizenship and the controversy exceeds $75,000.00.

## VENUE

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000 (e).

## THE PARTIES

4. The Plaintiff, JESSIE MOORE, is a citizen of the United States and a resident of the state of Maryland who presently resides at Andrews Air Force Base in Prince George's County. At all relevant times the Plaintiff was employed with Howard University as a security guard.

5. The Plaintiff is an African American male age 41 years old.

6. The Defendant, HOWARD UNIVERSITY, is an educational institution and corporation duly incorporated in the District of Columbia whose address is 2400 Sixth Street, N.W., Washington D.C., 20059.

7. The Defendant, LIEUTENANT ALLEN LACEY, is currently a security guard employed with Howard University Campus Police.

8. The Defendant, DEPUTY CHIEF EUGENE BENTLEY, is employed as a Deputy Chief with the Howard University Campus Police.

9. The Defendant, DEPUTY CHIEF LORRAINE KITTRELL, is employed as Deputy Chief with the Howard University Campus Police.

## FACTUAL BACKGROUND

10. Howard University is an African American University founded on the principles that all men and women from whatever race, national origin, religion, sexual orientation or one's disability shall be treated with dignity and fairness and not discriminated against.

11. The fact that the Defendants in this case are all African American should not matter for the purposes of this lawsuit. The law was violated by Howard University permitting and

condoning a highly racially charged atmosphere and hostile work environment to exist in which the Plaintiff was intimidated, humiliated and spoken to in a degrading and inhumane manner.

12. Howard University Campus Police are trained to protect the students of Howard University. Equally they are trained and taught to respect one another in the work force and not intimidate, threaten, degrade and humiliate once another based on their race, national origin, religion, gender, sexual orientation, or disability.

13. The Plaintiff, JESSIE MOORE, was subjected to egregious and threatening behavior over the course of his employment by Defendant, LIEUTENANT LACEY, (hereinafter referred to as Defendant LACEY), that included the use of abusive and racially charged and degrading language in front of many individuals that was meant as a means implored by Defendant, LACEY, to demean, embarrass and humiliate the Plaintiff, JESSIE MOORE in an attempt to fire the Plaintiff or have him quit.

14. A series of threatening, intimidating and disturbing incidents took place between August 2, 2016 and September 9, 2016 that were dastardly and created by Defendant, LACEY, as a precursor and "set up" for the Plaintiff's dismissal from his employment.

15. On many occasions, the Defendant, LACEY, would throw violent tantrums and demean and ridicule the Plaintiff in front of other Howard University Campus Police and other individuals.

16. The Defendants, DEPUTY CHIEF BENTLEY AND DEPUTY CHIEF KITTRELL, not only knew that LACEY was creating a hostile work environment but equally knew that LIEUTENANT LACEY'S conduct was illegal and was being used as a destructive "mobbing" technique in an attempt to force the Plaintiff to resign or as a precursor to have him fired.

17. On August 2, 2016, Officer Moore knocked on Lieutenant Lacey's door in a professional manner. Unbeknownst, to Officer Moore, Officer Lacey was meeting with some other officers and individuals. After Officer Moore opened the door, Officer Lacey went into a tirade and began screaming at Officer Moore "Didn't yoh! Momma and Daddy teach you not to open a door when it is closed ", such comments were made in front of several witnesses and were highly provocative and racially insensitive and created a hostile working environment. Such comments were directed at an African American man and meant to demean that he did not have the proper upbringing and education. Such comments should never be condoned by Howard University and directed to any African American man or woman.

18. Officer Lacey's intimidating and hostile conduct continued the following week. On August 9, 2016, Officer Moore was once again confronted in an intimidating manner by Lieutenant Lacey who once again stated to Mr. Moore in a loud and threatening tone of voice "When you see grown people talking to you as a black man, you need to keep your mouth shut and wait."

19. The next day on August 10, 2016, Officer Moore reported these very disturbing and intimidating incidents to Defendant DEPUTY CHIEF BENTLEY.

20. Rather than Defendant, DEPUTY CHIEF BENTLEY investigate these incidents, Defendant BENTLEY, instead, conspired with Defendant LACEY and Defendant KITTRELL to retaliate against Officer Lacey by creating false and fraudulent reprimands created as an effective pressure tool designed to drive the Plaintiff, Officer Moore, off the Howard University Campus Police.

21. On August 19, 2016 in a very sinister and deceitful manner, the Defendant, LACEY, handed a parking ticket to Officer Moore and informed Officer Moore that he was being formally reprimanded for parking his vehicle in the garage.

22. The Plaintiff refused to sign any reprimand and as a result the Defendant, LACEY, threatened him that if he did not sign the reprimand he would be terminated.

23. Such actions were blatantly retaliatory in nature and occurred almost within a week of reporting Defendant LACEY's conduct to Defendants, BENTLEY AND KITTRELL.

24. On September 9, 2016, the Plaintiff was terminated from his employment and informed by Defendant KITTRELL and could not point to any specific incident of wrongdoing that was committed by the Plaintiff.

25. The Defendant, KITTRELL, knew at the time of the termination, that the termination was in retaliation for Officer Moore filing the Complaint against Defendant LACEY.

## FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000-e
## RACIAL DISCRIMINATION

26. The Plaintiff repeats and incorporates by reference all allegations contained in paragraphs 1-25.

27. The Plaintiff, JESSIE MOORE, is an African American male, age 41, and is in a protective recognized class. The Plaintiff was subjected to extensive and pervasive racially provocative comments from his own supervisor, the Defendant, LACEY.

28. On or about August 2, 2016 Defendant LACEY screamed at the Plaintiff in an intimidating and offensive manner in front of many witnesses, "As a black man didn't yoh! Momma and Daddy teach you not to open a door when it is closed."

29. This offensive and racially charged comment was meant to humiliate, embarrass, and intimidate the Plaintiff.

30. The conduct by Defendant, LACEY, continued to repeat itself.  On or about August 9, 2016, Defendant, LACEY, approached the Plaintiff in a threatening and intimidating manner stating   "When as a black man you see grown people talking to you, you need to keep your mouth shut and wait."

31. On or about August 12, 2016, The Plaintiff reported Officer Lacey's conduct to his supervisor, Deputy Chief Bentley, and informed Deputy Chief Bentley that Officer Lacey had threatened him and said some very provocative comments that were racially insensitive in nature.

32. Rather than investigating the serious and provocative incidents between the Plaintiff and Defendant, LACEY, Defendant, BENTLEY, conspired with Defendants KITTRELL AND LACEY, and attempted to frame the Plaintiff by having false and fraudulent written reprimands filed by Defendant LACEY in an attempt to "build a file" to try to fire Officer Lacey.

33. Such conduct was retaliatory in nature from the reporting three days prior to that the Hostile Work Environment and Discrimination which violated TITLE VIII of the Civil Rights Act of 1964.

34. The illegal and discriminatory conduct committed by Defendants LACEY, KITTRELL, BENTLEY and HOWARD UNIVERSITY proximately caused the Plaintiff's employment to be terminated on September 9, 2016.

## SECOND CAUSE OF ACTION
## HOSTILE WORKING ENVIRONMENT IN VIOLATION
## OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000 (e).

35. The Plaintiff repeats and incorporates all facts and allegations contained in paragraphs 1-34.

36. The Defendants LACEY, BENTLEY, KITTRELL and HOWARD UNIVERSITY, created, approved, condoned and ratified a Hostile Working Environment which violated HOWARD UNIVERSITY'S Policy as well as Title VII 1964 Civil Rights Act.

37. The Defendants LACEY, BENTLEY, KITTRELL, acting in concert, created a highly charged toxic environment in which employees, such as Officer Moore, were hazed, intimidated and subjected to offensive and highly inappropriate comments.

38. If an employee within the Howard Campus Police had the courage to report the conduct, the Defendants LACEY, BENTLEY and KITTRELL instituted a sinister and diversionary plan of action to issue an employee such as the Plaintiff with false and fraudulent reprimands as a wedge and a precursor to justify terminating employees such as the Plaintiff.

39. The Hostile Work Environment created by Defendants LACEY, BENTLEY AND KITTRELL, and ratified by Defendant, HOWARD UNIVERSITY, caused the Plaintiff severe humiliation, ridicule, embarrassment, mental stress and ultimately led to wrongful termination of his job on Friday September 9, 2016.

## THIRD CAUSE OF ACTION
## UNLAWFUL WHISTLEBLOWER RETALIATION IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964 42. U.S.C. 2000

40. The Plaintiff repeats and incorporates by reference all facts and allegations contained in paragraphs 1-39.

41. The PLAINTIFF, JESSIE MOORE, reported the racial, discrimination and Hostile Work Environment acts committed by DEFENDANT LACEY to DEFENDANT BENTLEY on or about August 12, 2016.

42. Rather than properly investigating the matter and disciplining Officer Lacey, Defendant Bentley violated University Policy as well as Federal Law and conspired with Defendants, LACEY and KITTRELL, to "gang up" and create a "mobbing" effect to set the Plaintiff up for failure to justify his termination.

43. The retaliatory conduct reared its ugly head on August 19, 2016, when the Plaintiff, Officer Moore, was issued a false and fraudulent and trumped up reprimand for allegedly parking in a designated space within the garage near Howard University Campus Police Central Command.

44. This conduct was known to Defendants, LACEY AND BENTLEY, to be retaliatory, ill spirited, illegal, and fraudulent and against the law, and nonetheless they issued the false reprimand.

45. The Defendants illegal, false, and fraudulent retaliation caused the Plaintiff severe stress, humiliation, embarrassment and ultimately caused the Plaintiff to lose his job on September 9, 2016.

## FOURTH CAUSE OF ACTION
## WRONGFUL DISCHARGE

46. The Plaintiff repeats and incorporates by reference each and every allegation contained within paragraphs 1-45.

47. The Plaintiff was hired in March of 2016 as a security guard for the Campus Police for Howard University.

48. After the Plaintiff reported egregious conduct committed by Defendant Lacey, including using offensive and racially discriminatory language, coupled with reporting the fact that the Defendant, LACEY, was falsely and fraudulently writing parking tickets and issuing reprimands as a form of retaliation, the Plaintiff was wrongfully discharged from his employment on September 9, 2016.

49. Defendants LACEY, BENTLEY and KITTRELL's conduct violated Public Policy and as a proximate causes and result of their illegal conduct, the Plaintiff was terminated from his employment on September 9, 2016.

## FIFTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION OF
## DEFENDANT ALLEN LACEY

50. The Plaintiff repeats and incorporates all the facts and allegations contained in paragraphs 1-49.

51. The Defendant, HOWARD UNIVERSITY, had a duty to adequately supervise the Defendant, LACEY, to ensure that he was properly following University policy and not engaging in any illegal, retaliatory, deceitful and fraudulent behavior in an attempt to fire another security officer.

52. Despite having full knowledge of Defendant LACEY's inappropriate and provocative and illegal, deceitful and fraudulent conduct, the Defendant HOWARD UNIVERSITY negligently permitted the Defendant, LACEY, remain in a supervisory capacity and permitted him to engage in illegal, fraudulent and harmful behavior that violated University Policy and the Law .

53. The Defendant, HOWARD UNIVERSITY, breached a duty of care by failing to report Defendant Lacey's behavior to the University President's Office, to the University General Counsel and to the The District of Columbia Attorney General's Office.

54. As a proximate cause of Defendant HOWARD UNIVERSITY's failure to adequately supervise the Defendant Lacey, the Plaintiff was wrongfully terminated, lost his job, has suffered severe economic stress and mental stress.

### SIXTH CAUSE OF ACTION
### NEGLIGENT RETENTION OF DEFENDANTS LACEY, BENTLEY and KITTRELL AS AGAINST DEFENDANT HOWARD UNIVERSITY

55. The Plaintiff repeats and incorporates by reference all the facts and each and every allegation contained in paragraphs 1-54.

56. The Defendant, HOWARD UNIVERSITY, knew or should have known, that Defendants LACEY, BENTLEY and KITTRELL were retaliating and creating unilaterally on their own accord a Hostile Working Environment pursuant to a common plan and scheme which included creating and issuing false and fraudulent parking tickets and false and phony reprimands in an attempt to "build a file" against the Plaintiff.

57. The Defendant, HOWARD UNIVERSITY, had a duty to ensure that such deceitful fraudulent and retaliatory conduct did not occur in the workplace.

58. The Defendant, HOWARD UNIVERSITY breached the duty of care and took no action causing serious harm including causing the Plaintiff to lose his job, suffer economic hardship, and mental stress.

**WHEREFORE**, The Plaintiff demands judgment in the amount of $5,000,000.00 as and for against all Defendants Jointly and Severally and requests the following damages and relief:

1. Payment of Front Pay;
2. Reinstatement of all back pay with interest;
3. Reinstatement of employment and job title and removal of the false written reprimand filed against the Plaintiff ;
4. Attorneys' fees and costs;
5. Punitive damages;
6. Any other relief that this court deems just and proper.

/s/
Christopher M. FitzPatrick, Esquire
D.C. Bar No 479917
FITZPATRICK & ASSOCIATES
Attorneys for the Plaintiff
1101 Pennsylvania Avenue
Washington D.C. 20004
(202) 756-4890 phone #
(202) 688-2201 fax #
cfitzpatrick@fitzlawoffice.com

Dated:  January 3, 2017