# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JESSIE MOORE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-cv-00008 (APM) |
| HOWARD UNIVERSITY et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this discrimination case, Plaintiff Jessie Moore advances a host of statutory and common law claims arising out of his termination as a security guard at Defendant Howard University. Plaintiff asserts eight separate claims against Defendant Howard University and three Howard University officers—Allen Lacey, Eugene Bentley, and Lorraine Kittrell ("the Individual Defendants")—who he asserts conspired to unlawfully terminate him. Am. Compl., ECF No. 15 [hereinafter Am. Compl.]. Defendants' Motion to Dismiss the Amended Complaint is now ripe for the court's consideration. *See* Defs.' Mot. to Dismiss, ECF No. 19, Mem. in Supp., ECF No. 19-1 [hereinafter Defs.' Mot.].

Because the court writes here primarily for the parties, it assumes their familiarity with the background facts of this matter and will refer to those facts only as necessary to resolve Defendants' Motion. The court addresses each claim, and its grounds for dismissal, in the order in which the claims appear in the Amended Complaint.[1]

---

[1] The parties unnecessarily spill a lot of ink, including a motion for leave to file a surreply, on whether Defendants' reliance on documents expressly referenced in the Amended Complaint converts Defendants' Motion to Dismiss into a motion for summary judgment. *See* Defs.' Mot. at 1 n.1; Pl.'s Opp'n to Defs.' Mot., ECF No. 20, at 3–4; Pl.'s Mot.

**I.    Race-Based Discrimination (Count I)**

In Count I, Plaintiff asserts that Defendants fired him from his position as a security guard because of his race in violation of Title VII of the Civil Rights Act of 1964. *See* Am. Compl. ¶¶ 27–34. Defendants attack the sufficiency of that claim on only one ground, arguing that "no inference of race-based discrimination may exist" in this case because Plaintiff and the Individual Defendants are all African American. Defs.' Mot. at 13. The Supreme Court, however, has squarely rejected that rationale for dismissal, stating in *Oncale v. Sundowner Offshore Services, Inc.*, that there is no "conclusive presumption that an employer will not discriminate against members of his own race." 523 U.S. 75, 79 (1998); *see also Castaneda v. Partida*, 430 U.S. 482, 499 (1977) (observing that "[b]ecause of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group"). Count I, therefore, does not suffer from the pleading deficiency advanced by Defendants.

The court, however, will dismiss Count I against the Individual Defendants, because Title VII does not extend liability to individuals. *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995).

**II.    Race-Based Hostile Work Environment (Count II)**

In Count II, Plaintiff asserts a hostile work environment claim based on two statements made by Defendant Lacey, as well as the events leading to his termination. Plaintiff alleges that, on August 2, 2016, after inadvertently walking into a meeting in Lacey's office, Lacey told Plaintiff, "[a]s a black man Didn't yoh! Momma and Daddy teach you not to open a door when it

---

for Leave to File Surreply, ECF No. 26. It does not. *See Bullock v. Donohoe*, 71 F. Supp. 3d 31, 33–34 (D.D.C. 2014). Accordingly, the court analyzes Defendants' arguments for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Motion for Leave to File a Surreply is therefore denied.

is closed." Am. Compl. ¶ 17. Then, on August 9, 2016, Lacey again referred to Plaintiff's race, stating: "When you see grown people talking to you as a black man, you need to keep your mouth shut and wait." *Id.* ¶ 18. Lastly, on August 19, 2016, Plaintiff asserts that the Individual Defendants conspired to terminate him based on his race by falsely accusing him of a parking infraction and instructing him to acknowledge that infraction by signing a written reprimand. *Id.* ¶¶ 20–22.

Plaintiffs' allegations do not sustain a claim of hostile work environment. Defendant Lacey's two alleged statements referencing Plaintiff's race, while uncivil, do not create the kind of "workplace [that] is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks omitted). Nor can Plaintiff bootstrap his discrete claim of discriminatory termination into a hostile work environment claim. *See Na'im v. Rice*, 577 F. Supp. 2d 361, 377 (D.D.C. 2008); *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 81–82 (D.D.C. 2007). Accordingly, Count II of the Amended Complaint is dismissed.

## III. Race-Based Retaliation (Count III)

Plaintiff alleges in Count III that Defendants conspired to terminate him for exercising his statutory right to complain to his employer about race discrimination. Am. Compl. ¶¶ 19, 41–45. The Amended Complaint avers that, on August 12, 2016, Plaintiff reported to Defendant Bentley, the Deputy Chief of the Howard University Campus Police, the "disturbing and intimidating" statements that Defendant Lacey had directed towards him. *Id.* ¶¶ 8, 19. Defendants assert that this bare allegation of retaliation is not actionable, however, because "nowhere does Plaintiff claim or allege that he complained *about discrimination*." Defs.' Mot. at 14. The court agrees. "Not

every complaint garners its author protection under Title VII. While no magic words are required, the complaint must in some way allege unlawful discrimination." *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006) (internal citations and quotation marks omitted). Here, even viewing the allegations in the light most favorable to Plaintiff, the Amended Complaint only avers that Plaintiff complained to Defendant Bentley about two racially-tinged comments; such a complaint, without more, does not qualify for protection under Title VII. *Id*. The court therefore dismisses Count III of the Amended Complaint.

## IV. Wrongful Discharge (Count IV)

Count IV advances a wrongful discharge claim. That claim is premised on the allegation that, on August 19, 2016, Defendant Lacey gave Plaintiff a "parking ticket" and informed him that he was being "formally reprimanded" for the infraction. Am. Comp. ¶¶ 20–22. Believing that accusation to be false, Plaintiff "refused to sign [the written] reprimand," prompting Lacey to threaten him with termination. *Id*. ¶ 22. Plaintiff was let go less than three weeks later. *Id*. ¶ 24. According to Plaintiff, these allegations make out a claim of wrongful termination. Pl.'s Opp'n to Defs.' Mot, ECF No. 20 [hereinafter Pl.'s Opp'n], at 7–14. That contention, however, is hopelessly misguided.

Under District of Columbia law, a claim of wrongful discharge is available as a narrow exception to the general rule that an employer may discharge an at-will employee at any time and for any reason. *See Thigpen v. Greenpeace, Inc.*, 657 A.2d 770, 770–71 (D.C. 1995). To make out such a claim, the plaintiff must allege that the sole reason for his discharge was "his refusal to violate the law, as expressed in a statute or municipal regulation." *Id*. at 771 (internal quotation marks omitted). Here, Plaintiff maintains that Howard University fired him because he refused to violate the second-degree fraud statute in the District of Columbia criminal code. Am. Compl.

4

¶ 49 (citing D.C. Code § 22-3221(b)). Thus, to successfully plead a claim of wrongful discharge in this case, Plaintiff must allege facts establishing that complying with his employer's instructions would have resulted in the commission of fraud in the second degree. *See Thigpen*, 657 A.2d at 771. The elements of that offense are: (1) the defendant engaged in a scheme or systematic course of conduct; (2) that scheme was intended to deceive someone in order to obtain their property; and (3) that property is valued at $1,000 or more. *Warner v. United States*, 124 A.3d 79, 85 (D.C. 2015); *see also* Criminal Jury Instructions for the District of Columbia, No. 5.200 (5th ed. 2016). The Amended Complaint, however, does not contain any well-pleaded facts to support any of those elements. It does not allege a "scheme or systematic course of conduct" but, instead, only a one-time, isolated act. *See Warner*, 124 A.3d at 85 (stating a "scheme or systematic course of conduct" "requires the commission of multiple acts"). Nor does Plaintiff identify the property valued at more than $1,000 that was the object of the alleged fraud. Plaintiff therefore fails to plead a claim of wrongful discharge. Accordingly, the court dismisses Count IV of the Amended Complaint.

## V.      Negligent Supervision (Count V) and Negligent Retention (Count VI)

In Counts V and VI, Plaintiff claims that Defendant Howard University is liable for both negligently supervising Defendant Lacey (Count V) and negligently retaining all Individual Defendants (Count VI). Both of those claims must be predicated on a common law cause of action, or duties otherwise imposed by the common law. *See Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575–76 (D.C. 2007) (per curiam); *Phelan v. City of Mount Rainier*, 805 A.2d 930, 940 (D.C. 2002). Plaintiff, however, alleges no independent common law basis for either claim. Instead, he contends that both claims are "predicated on the independent common law torts of negligent supervision and negligent retention by themselves." Pl.'s Opp'n at 16. In other words, Plaintiff appears to assert that each claim can stand on its own, without an anchor in any separate common

law claim or duty. That, however, is plainly not the law. *See Griffin*, 925 A.2d at 575–76; *Phelan*, 805 A.2d at 940. The court will thus dismiss Counts V and VI of the Amended Complaint.

## VI. Fraud (Count VII)

Plaintiff alleges in Count VII that Defendants committed common law fraud by insisting that he sign the false reprimand. Am. Compl. ¶¶ 61–64. The elements of common law fraud are: "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by [the plaintiff] in reliance upon the representation, (6) which consequently resulted in provable damages." *Dresser v. Sunderland Apartments Tenants Ass'n, Inc.*, 465 A.2d 835, 839 (D.C. 1983) (per curiam). Here, Plaintiff has failed to plead any facts that *he*, as opposed to his employer, relied on the alleged false representations contained in the written reprimand. To the contrary, Plaintiff asserts that, by refusing to sign the reprimand, he rejected the false accusation that he committed a parking violation. Accordingly, Count VII of the Amended Complaint is dismissed.

## VII. Breach of Contract (Count VIII)

Finally, in Count VIII, Plaintiff advances a common law breach-of-contract action against Defendant Howard University. Specifically, Plaintiff alleges that Howard University violated its collective bargaining agreement with the Metropolitan Campus Police Officers Union by denying Plaintiff union representation, and failing to afford him a full and fair hearing, in the period leading to his termination. Am. Comp. ¶¶ 66–69. That claim, however, is preempted by Section 301 of the Labor Management Relations Act, because its resolution depends upon the meaning of the collective bargaining agreement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988). For that reason, the court will dismiss Count VIII of the Amended Complaint. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985).

\* \* \*

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. All claims against the Individual Defendants are hereby dismissed. Similarly, all claims against Defendant Howard University, except for Count I, are likewise dismissed.

Dated: August 22, 2017

Amit P. Mehta
United States District Judge